**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01080-REB-BNB

NATIONAL VAN LINES, INC., an Illinois corporation,

     Plaintiff,

v.

AALL PRO MOVERS, INC., a Colorado corporation, and
JOSEPH RONDINELL, an individual,

     Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**Blackburn, J.**

This matter is before the court on the plaintiff's **Motion for Entry of Default Judgment** [#18][1] filed October 7, 2011. The defendants did not file a response. I grant the motion on the terms stated in this order.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Trademark Act), 28 U.S.C. § 1338 (patent, trademark, and associated unfair competition claims), and 28 U.S.C. § 1367 (supplemental).

### II. STANDARD OF REVIEW

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk of the court must enter the party's default. FED. R. CIV. P. 55(a). After default has entered, the party seeking relief against the defaulting

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

party may apply to the court for a default judgment and, if the party seeking relief provides a proper basis for the entry of default judgment, the court may enter default judgment against the defaulting party. FED. R. CIV. P. 55(b).

### III.  ANALYSIS

In its complaint [#1], the plaintiff, National Van Lines, Inc., an Illinois corporation, asserts several claims against the defendants, AALL Pro Movers, Inc., a Colorado corporation, and Joseph Rondinelli, an individual. The plaintiff's claims include: 1) federal trademark infringement (15 U.S.C. § 1114(a)); 2) federal unfair competition (15 U.S.C. § 1125(a)); 3) federal trademark dilution (15 U.S.C. § 1125(c)); 4) violations of the Colorado Consumer Protection Act (Colo. Rev. Stat § 6-1-105); and 5) Colorado common law trademark infringement and unfair competition.

In essence, National Van Lines alleges that the defendants have used National Van Lines' name and trademarks on Aall Pro's website, which promotes Aall Pro's business providing moving services. In addition, National Van Lines alleges that the defendants made false statements related to National Van Lines' trademarks, including a statement on Aall Pro's website indicating that "Aall Pro Movers is a representative of National Van Lines, Inc. for long distance moves." *Complaint* [#1], ¶ 22. National Van Lines alleges that Aall Pro is not an agent or representative of National Van Lines. In addition, National Van Lines alleges that Aall Pro's service is vastly inferior to the service provided by National Van Lines. In addition, National Van Lines alleges that the defendants' unauthorized use of National Van Lines marks was wilful and deliberate, and that the defendants' false and misleading statements related to their use of National Van Line's marks were made wilfully and deliberately.

Defendant Joseph Rondinelli was served properly with a summons and the

complaint in this case. *Return of service* [#9]. Mr. Rondinelli has not filed an answer, has not appeared in this case, and has not responded to the complaint in any way. On August 19, 2011, in accordance with §7-90-704(2), C.R.S., Aall Pro was served with a summons and the complaint in this case. *Motion for Entry of Default* [#14], Exhibit 4. Given the circumstances established in the **Motion for Entry of Default** [#14] and the **Motion for Entry of Default Judgment** [#18], service of Aall Pro under §7-90-704(2) was proper and effective. Aall Pro has not filed an answer, has not appeared in this case, and has not responded to the complaint in any way. On September 2, 2011, the Clerk of the Court entered default [#16] against both Mr. Rondinelli and Aall Pro.

As a result of their default, and as a matter of law, Mr. Rondinelli and Aall Pro have admitted the a factual allegations in the complaint [#1] other than those relating to the amount of damages. FED. R. CIV. P. 8(a)(6). I find and conclude that the allegations of fact in the complaint are sufficient to establish the elements of each of the five claims for relief asserted in the complaint. Thus the plaintiff is entitled to default judgment on each of these claims. For relief, the plaintiff seeks: 1) a permanent injunction; 2) an accounting of profits earned by the defendants since September 2008, to permit a determination of appropriate statutory damages under 15 U.S. C. § 1117(a); 3) a finding that this is an exceptional case, as that term is used in 15 U.S.C. § 1117(a), and an award of attorney fees because this is an exceptional case; and 4) an award of costs.

Having reviewed the record in this case and the applicable law, I find an conclude that the plaintiff is entitled to the relief it seeks and, ultimately, to the entry of a default judgment against the defendants. However, a judgment awarding the statutory damages sought by the plaintiff cannot be entered until the defendants have an

opportunity to present an accounting of their profits. In this order, I direct the defendants to provide such an accounting. Once the defendants have provided such an accounting, or have failed to provide an accounting, the issue of statutory damages can be resolved. I find and conclude also that this is an exceptional case, as the term "exceptional" is used 15 U.S.C. § 1117(a). Therefore, the plaintiff is entitled to an award of reasonable attorney fees. I will set a time within which the plaintiff may file a motion for an award of attorney fees. When judgment enters in this case, the plaintiff will be entitled to an award of its costs under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Entry of Default Judgment** [#18] filed October 7, 2011, is **GRANTED** consistent with the foregoing findings of fact and conclusions of law and the following orders;

2. That the defendants, AALL Pro Movers, Inc, a Colorado corporation, and Joseph Rondinelli, their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with the defendants who receive actual notice of this order by personal service or otherwise are **PERMANENTLY ENJOINED** and **PROHIBITED** from using for any purpose any mark, slogan, Internet domain name or other device that infringes the name National Van Lines, Inc. or the trademarks of National Van Lines, Inc., including, but not limited to, use in connection with any website or sale of any product, and from making any false or misleading statement about National Van Lines, Inc., including any suggestion that National Van Lines, Inc. is affiliated or connected with, sponsors or otherwise authorizes the services of the

defendants;

      3.  That under 15 U.S.C. § 1116, the defendants, AALL Pro Movers, Inc, a Colorado corporation, and Joseph Rondinelli, **SHALL FILE** with the court and **SERVE** on National Van Lines, Inc., or its counsel in this case, a written report, executed under oath, setting forth in detail the manner and form in which the defendants have complied with the permanent injunction stated in this order;

      4.  That the written report specified in paragraph three (3), above, **SHALL BE FILED** with the court and **SERVED** on National Van Lines, Inc. or its counsel in this case, **within fourteen (14) days** after the defendant filing a report is served personally with this order;

      5.  That under 15 U.S.C. § 1118, the defendants, AALL Pro Movers, Inc, a Colorado corporation, and Joseph Rondinelli, **SHALL SURRENDER** to National Van Lines, Inc. or its counsel in this case, all materials incorporating or reproducing the plaintiff's National Van Lines, Inc. name and trademarks, as specified in the complaint [#1] in this case;

      6.  That under 15 U.S.C. § 1117, the defendants, AALL Pro Movers, Inc, a Colorado corporation, and Joseph Rondinelli, **SHALL FILE** with the court and **SERVE** on National Van Lines, Inc. or its counsel in this case, a written accounting specifying the gains and profits realized by each defendant during the time in which one or both defendants used the name National Van Lines, Inc. or any trademark, slogan, Internet domain name or other device that infringes the name National Van Lines, Inc. or the trademarks of National Van Lines, Inc.;

      7.  That the written accounting specified in paragraph six (6), above, **SHALL BE FILED** with the court and **SERVED** on National Van Lines, Inc. or its counsel in this

case, **within fourteen (14) days** after the defendant filing an accounting is served personally with this order;

    8.  That **within fourteen (14) days** after one or both defendants file a written accounting, as specified in paragraph six (6), above, OR on or before **November 2, 2012**, whichever is earlier, the plaintiff **SHALL FILE** a motion substantiating, to the best of plaintiff's ability, the amount of statutory damages the plaintiff seeks in this case; and

    9.  That on or before **October 15, 2012**, the plaintiff **MAY FILE** a motion for an award of attorney fees under 15 U.S.C. § 1117(a), including a demonstration of the basis for an award of specific amount as reasonable attorney fees.

Dated September 25, 2012, at Denver, Colorado.

                                      **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge